# UNITED STATES DISTRICT COURT
## District of Kansas
(Kansas City Docket)

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                                      **CASE NO.** 25-20102-DDC-TJJ
<br>                                        **FILED UNDER SEAL**

LAWRENCE PAYNE,

        Defendant.

# INDICTMENT

**THE GRAND JURY CHARGES**:

At all times relevant to this Indictment:

**BACKGROUND**

1.     Fidelity Bank was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation.

2.     First Option Bank was a financial institution, the deposits of which were insured by the Federal Deposit Insurance Corporation.

3.     Defendant Lawrence Payne was a resident of Kansas.  Payne operated

1

numerous businesses, including Hardbody Supplements, LLC (HBS) and Hardbody Coaching, LLC (HBC).  Hardbody Energy, LLC, Online Empire, LLC, and Payne Capital, LLC, Payne's wife owned a business identified herein as "MMP."

4.      Payne and his wife were trustees of a trust known as the "Payne Joint Trust."

5.      Payne obtained seventeen mortgage loans from Fidelity Bank between July 2022 and August 2023.

6.      One of those mortgage loans, identified by a loan number ending in 3254, was a loan for a property on Caldera Circle in Naples, Florida. As part of the loan application process, Payne provided a letter to Fidelity Bank that purported to be from a Certified Public Accountant (CPA) in Illinois who stated he handled bookkeeping responsibilities for a business owned by Payne's wife, MMP.  The letter was false because the CPA identified in the letter did not provide bookkeeping services for MMP.

7.      Another mortgage loan, identified by a loan number ending in 6443, was obtained by Payne and involved a property on Las Olas Boulevard in Ft. Lauderdale, Florida.  As part of the loan application process, Payne provided a letter to Fidelity Bank that purported to be from a CPA in Illinois.  The letter stated the CPA handled bookkeeping responsibilities for HBS, HBC and MMP.  The letter was false because the CPA identified in the letter did not provide bookkeeping services

for the businesses and did not prepare the letter.

8.      In December 2021, Payne obtained a loan from Fidelity Bank for the purchase of his primary residence in Overland Park, Kansas, in the amount of $3,225,000.  As part of the loan application, Payne provided Fidelity Bank with documents that Payne purported to be 2021 income tax returns for Payne and his wife, and tax returns for HBS, HBC, HBE, OE, and PC.  The returns identified a person living in Illinois as the return preparer.  The tax returns were false because they were never filed with the Internal Revenue Service and the person who was identified as the return preparer did not actually prepare the returns.

9.      Payne also provided Fidelity Bank with documents that were purportedly account statements at TD Ameritrade.  The statements purported that Payne had an account balance of $1,500,116.31 in June 2023 and $1,500,047.32 in July 2023.  The documents were false in that the account balance was actually $116.31 in June 2023 and $47.32 in July 2023.

## COUNT 1

**False Statement in a Loan Application**
**[18 U.S.C. § 1014]**

10.      Paragraphs 1 through 9 are incorporated and realleged herein.

11.      Beginning on or about June 9, 2022 and continuing until on or about July 8, 2022, both dates being approximate, in the District of Kansas and elsewhere, the defendant,

3

**LAWRENCE PAYNE,**

knowingly made a false statement and report for the purpose of influencing Fidelity

Bank, a financial institution whose accounts are insured by the Federal Deposit Insurance

Corporation, in that the defendant provided a letter that contained false information, in

connection with a loan identified by a loan number ending in 3254.

In violation of Title 18, United States Code, Section 1014 and 2.

## COUNT 2

### False Statement in a Loan Application
### [18 U.S.C. § 1014]

Beginning on or about June 9, 2022, and continuing until on or about August 11,

2022, both dates being approximate, in the District of Kansas and elsewhere, the

defendant,

**LAWRENCE PAYNE,**

knowingly made a false statement and report for the purpose of influencing Fidelity

Bank, a financial institution whose accounts are insured by the Federal Deposit Insurance

Corporation, in that the defendant provided a letter that contained false information, in

connection with a loan application identified by a number ending in 6443.

In violation of Title 18, United States Code, Section 1014 and 2.

## COUNT 3

### False Statement in a Loan Application
### [18 U.S.C. § 1014]

Between on or about July 10, 2023 and August 14, 2023, both dates being

4

approximate, in the District of Kansas, the defendant,

**LAWRENCE PAYNE,**

knowingly made a false statement and report for the purpose of influencing Fidelity

Bank, a financial institution whose accounts are insured by the Federal Deposit Insurance

Corporation, in that the defendant provided documents that purported to be tax returns

and provided false information related to the account balance of an investment account,

in connection with a loan application identified by a number ending in 2641.

In violation of Title 18, United States Code, Sections 1014 and 2.

## COUNT 4

**Money Laundering**
**[18 U.S.C. § 1957]**

On or about August 15, 2023, in the District of Kansas, the defendant,

**LAWRENCE PAYNE,**

knowingly engaged and attempt to engage in a monetary transaction by through or to a

financial institution, affecting interstate or foreign commerce, in criminally derived

property of a value greater than $10,000, that is the transfer of $3,184,471.20 to First

Option Bank from Fidelity Bank, such property having been derived from a specified

unlawful activity, that is, false statement in a loan application, as charged in Count 3.

In violation of Title 18, United States Codes, Sections 1957 and 2.

## FORFEITURE NOTICE

1. The allegations contained in Counts 1-4 of this Indictment are hereby

realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 982(a)(1) and 982(a)(2)(A).

2.      Upon conviction of one or more of the offenses set forth in Counts 1-3 of the Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), all property constituting or derived from proceeds the defendant obtained directly or indirectly as the result of such violations, including, but not limited to, the following:

A.  A forfeiture money judgment against the defendant in an amount equal to the amount of gross proceeds obtained or derived by him from the commission of Counts 1-3.

3.      Upon conviction of the offense set forth in Count 4 of the Indictment, the defendant shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, or any property traceable to such property, including but not limited to, the following:

A.  A forfeiture money judgment in an amount money equal to the value of the property involved in Count 4.

4.      If any of the property described above, as a result of any act or omission of the defendant:

A.      cannot be located upon the exercise of due diligence;

B.      has been transferred or sold to, or deposited with, a third party;

C.      has been placed beyond the jurisdiction of the court;

D.      has been substantially diminished in value; or

E.    has been commingled with other property which cannot be divided

without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant

to Title 21, United States Code, Section 853(p).

A TRUE BILL.

December 17, 2025                           s/Foreperson

DATE                              FOREPERSON OF THE GRAND JURY

RYAN A. KRIEGSHAUSER
UNITED STATES ATTORNEY

By: /s/ Michelle McFarlane
Michelle McFarlane
Assistant United States Attorney
District of Kansas
500 State Avenue, Suite 360
Kansas City, Kansas  66101
Ph: (913) 551-6730
Fax: (913) 551-6541
Email: Michelle.McFarlane@usdoj.gov
Ks. S. Ct. No. 26824

/s/ D. Christopher Oakley
D. Christopher Oakley
Assistant United States Attorney
District of Kansas
500 State Avenue, Suite 360
Kansas City, Kansas  66101
Ph: (913) 551-6730
Fax: (913) 551-6541
Email: chris.oakleyusdoj.gov
Ks. S. Ct. No. 19248

7

IT IS REQUESTED THAT THE TRIAL BE HELD IN KANSAS CITY, KANSAS

## PENALTIES

## Counts 1 - 3: False Statement in a Loan Application

- Punishable by a term of imprisonment of not more than thirty (30) years imprisonment. 18 U.S.C. § 1014

- A term of supervised release of not more than five (5) years.  18 U.S.C. § 3583(b)(1).

- A fine not to exceed $1,000,000.  18 U.S.C. § 1014

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

## Count 4:  Money Laundering

- Punishable by a term of imprisonment of not more than ten (10) years imprisonment. 18 U.S.C. § 1957(b)(1)

- A term of supervised release of not more than three (3) years.  18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000.  18 U.S.C. § 3571(b)(3)

- A mandatory special assessment of $100.00.  18 U.S.C. § 3013(a)(2)(A).

9